## WALLACE v. PROVIDENCE & STONINGTON STEAM-SHIP CO.

*(Circuit Court, D. Massachusetts. October 21, 1882.)*

1. ADMIRALTY—REV. ST. § 4283, (ACT OF CONG. MARCH 3, 1851.)

Plaintiff claimed damages for personal injuries and loss of baggage by reason of a collision in Long Island sound between two of defendant's steamers, and defendant answered that under the act of March 3, 1851, it had surrendered its vessel in the southern district of New York, and that plaintiff had filed no claim. *Held*, on demurrer by plaintiff, that the act of congress of March 3, 1851, does not except from its operation owners of vessels whose routes are partly by land and partly by water, nor those whose vessels are not registered, nor, in the meaning of section 7 of said act, is the navigation of Long Island sound

*inland* navigation; and that the surrender of its vessel in the district in which it had been sued was according to law, and plaintiff was precluded from making any claim for loss of baggage, but as to his *personal* injury he *might be allowed* to prove his case.

2. SAME—PERSONAL INJURIES.

Whether the exemption under section 3 of the act of March 3, 1851, extends to *personal injuries* is not decided.

*J. P. Treadwell* and *Geo. E. Filkins*, for complainant.

*Russell & Putnam*, for defendants.

Before LOWELL and NELSON, JJ.

NELSON, D. J. The plaintiff sues in tort for personal injuries, alleging in substance that the defendants are the owners of a line of steam-vessels engaged in the transportation of passengers and merchandise between the city of New York and Stonington, in the state of Connecticut, over the waters of Long Island sound; that on the eleventh of June, 1880, the defendants, for hire, received the plaintiff, with his baggage, on board the Narragansett, one of the defendants' line of steamers, at New York, as a passenger, and undertook to transport him, with his baggage, to Stonington, and thence by railroad to Boston; that while the plaintiff was being so transported in Long Island sound the Narragansett came in collision with the Stonington, another steam-vessel owned by the defendants, and belonging to the same line, by which collision he was cast into the water and suffered great personal injury, and his baggage, of the value of $500.90, was wholly lost; that the collision occurred within three miles of the Connecticut shore, and was caused by the negligence and omissions of the defendants, and their servants and agents, in the management of both vessels; and that he was in the exercise of due care.

The answer of the defendants, besides a general denial of the plaintiff's allegations, sets up in defense certain proceedings in the district court of the United States for the southern district of New York, under the limited-liability act of March 3, 1851, (Rev. St. § 4283 *et seq.*,) whereby the defendants claim that they were discharged from all further liability for damage to person and property arising out of the disaster to the Narragansett. By these proceedings, which are set forth *in extenso* in the answer, it appears that soon after the collision certain parties brought suits in the state courts of New York against the company for damages arising out of the disaster; that after these suits had been brought in New York, and before the date of plaintiff's writ, defendants filed their libel and petition in the district court of the United States for the southern district of New York, setting forth the facts of the said disaster, alleging that the collision happened, and the

damage and loss were occasioned, without their privity or knowledge; that the accident occurred solely from the dangerous and difficult navigation of the channel, and the dense fog; that the entire value of vessel and freight was not sufficient to make compensation to all the freighters and owners for their losses, and praying for the relief granted by the act of March 3, 1851; that the petitioners offered to transfer their interest in the steamer and freight, for the benefit of all persons claiming to have suffered any loss, destruction, damage, or injury done, occasioned, or incurred on said voyage, to a trustee, for the persons who might prove to be legally entitled thereto, and prayed said district court to appoint a trustee, and to issue a monition against all persons claiming damages for the loss, destruction, damages, and injury occasioned by said disaster on board said steam-ship Narragansett, citing them to appear and prove their claims; that such monition was issued, and a transfer was made to a trustee appointed by the court on the fifth day of October, 1880, the return-day of said monition, proclamation was made for all persons claiming damages for any loss, destruction, damage, or injury occasioned by the disaster to appear and present their claim; that plaintiff did not appear nor present any claims; and that a decree was afterwards made whereby all persons who had not presented claims were forever debarred from prosecuting them, and apportioning the proceeds of the vessel and freight among those who had presented their claims in pursuance of the order of the court, and ordering any balance that might remain after satisfying such claims to be paid to defendants.

To this portion of the defendants' answer the plaintiff has demurred, and has assigned the following causes of demurrer:

(1) Because the act of March 3, 1851, does not exempt from liability common carriers who are owners of vessels used in inland navigation. (2) Because the act does not exempt owners of vessels where the damage to passengers is involved. (3) Because the act does not exempt common carriers who are such both by land and water. (4) Because the act does not exempt owners of vessels not registered. (5) Because the act does not exempt owners who have not surrendered the whole subject of the disaster, namely, as in this case, both of their ships which were engaged in the collision. (6) Because the act does not exempt owners who do not surrender their vessels in the district of the United States in which the disaster occurred. (7) Because the act does not exempt owners of vessels when the surrender is not made in the jurisdiction where the corporate owner resides, or is created.

None of these grounds of demurrer can be sustained. Long Island sound is a part of the Atlantic ocean, and its navigation is in no sense inland navigation within the meaning of that term as used

in section 7 of the act, (section 4289.) Nor does the act except from its operation owners of vessels whose routes are partly by land and partly by water; nor those whose vessels are not registered. The surrender of the Narragansett and her freight was made in the district where the owners were sued for the injury caused by the collision, as required by the fifty-seventh admiralty rule. It is unnecessary, at this stage of the case, to decide whether the exemption of section 3 extends to personal injuries to passengers caused by collision. The answer must stand if the decree in the proceedings in the southern district of New York can, in any view of the case, be a defense to the action.

The plaintiff alleges that the defendants were engaged in the transportation of passengers and merchandise, and by the collision, through the fault of both vessels, his baggage, of the value of $500.90, was wholly lost. He therefore alleges a loss of property shipped on board the vessel and lost by the collision. The decree must, at least, have the effect to preclude him from recovering for the loss of his baggage through any fault on the part of the Narragansett. Whether it should have any further effect it is not necessary to decide now, and can better be passed upon at the trial, if the plaintiff then makes out a sufficient case to submit to the jury.

Demurrer overruled.